**SAMUEL & STEIN**
Michael Samuel
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff and
Proposed FLSA Collective*

| | |
|---|---|
| Jose Rodriguez, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 17-cv-833 |
| - vs. - | **COMPLAINT** |
| Graham Shoe Corp. d/b/a Lady Shoe Five Dollars, and Jeffrey Deutsch, | |
| Defendants. | |

Plaintiff Jose Rodriguez, by and through his undersigned attorneys, for his complaint against Defendants Graham Shoe Corp. d/b/a Lady Shoe Five Dollars, and Jeffrey Deutsch, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1. Plaintiff Jose Rodriguez, on behalf of himself and on behalf of all other persons similarly situated who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to: (i) compensation from Defendants for wages paid at less than the statutory minimum wage required by the FLSA; (ii) unpaid wages from Defendants for overtime work for which he did not receive

overtime premium pay as required by the FLSA; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants' violations lacked a good faith basis.

2. Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3. Plaintiff is an adult individual residing in New York, New York.

4. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5. Upon information and belief, Defendant Graham Shoe Corp. is a New York corporation with a principal place of business at 2015 Coney Island Avenue, Brooklyn, New York 11223.

6. At all relevant times, Defendant Graham Shoe Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, Defendant Graham Shoe Corp. has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, Defendant Graham Shoe Corp. has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, Defendant Graham Shoe Corp. has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, Defendant Jeffrey Deutsch is an owner or part owner and principal of Graham Shoe Corp.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Mr. Deutsch was involved in the day-to-day operations of Graham Shoe Corp. and played an active role in managing the business.

12. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute his FLSA claims as a Collective Action on behalf of himself and a collective defined as follows:

> All persons who are or were formerly employed by Defendants in the United States at any time since February 14, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid minimum wage, or overtime compensation at rates not less than one-and-one-half times the proper minimum wage for hours worked in excess of forty hours per workweek (the "Collective Action Members").

16. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt shoe salespeople, and were denied the correct minimum wage and/or premium overtime pay for hours worked beyond forty hours in a week.

17. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

18. Plaintiff and the Collective Action Members perform or performed similar or the same primary duties, and were subjected to the same policies and practices by Defendants.

19. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

20. At all relevant times herein, Defendants owned and operated a shoe store in Brooklyn.

21. Plaintiff has been employed by Defendants from approximately May 2009 until the present.

22. Plaintiff was employed as a shoe salesman, but he was also required to receive deliveries, move shoes from other store locations, open the store in the morning and close it in the evening, paint when necessary, and wash the floors.

23. Plaintiff's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

24. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

25. From the beginning of his employment through the end of 2016, Plaintiff worked seven days per week, from 9:30 A.M. to 7:30 P.M in the months from May through October.

26. From the beginning of his employment through the end of 2016, Plaintiff worked six days per week, from 9:30 A.M. to 7:30 P.M. in the months from January through April, and the months of November and December.

27. As a result, from the beginning of his employment through the end of 2016, Plaintiff worked approximately 60 hours per week from January through April and November through December; while he worked approximately 70 hours per week from May through October.

28. Starting in January 2017 and continuing through the present, Plaintiff has been working five days a week, from Sunday through Thursday, from 11:00 A.M. to approximately 7:00 P.M. Plaintiff does not work on Fridays or Saturdays.

29. As a result, Plaintiff has been working roughly 40 hours per week since January 2017.

30. For most of Plaintiff's employment, Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

However, Defendants began using a punch-in timekeeping system in approximately September of 2016.

31. Plaintiff was paid by check throughout his employment, although his pay stubs usually did not conform to the specific requirements of the New York Labor Law.

32. From the beginning of his employment through April 2014, Plaintiff was paid $360 per week, regardless of how many hours he worked.

33. From approximately May 2014 through December 2014, Plaintiff was paid $400 per week, regardless of how many hours he worked.

34. From January 2015 through March 2016, Plaintiff was paid $440 per week regardless of how many hours he worked.

35. From approximately April 2016 until the present, Plaintiff has been paid at the correct minimum wage and overtime rates, but throughout 2016, his paystubs understated the number of overtime hours he worked.

36. As a result, Plaintiff's effective rate of pay from the beginning of his employment through approximately March 2016 fell below the statutory minimum wages in effect at relevant times.

37. Defendants' failure to pay Plaintiff an amount at least equal to the FLSA and New York state minimum wages was willful, and lacked a good faith basis.

38. In addition, Defendants failed to pay Plaintiff an overtime "bonus" for the hours he worked beyond 40 hours in a workweek from the beginning of his employment through approximately March 2016, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

39. Defendants' failure to pay Plaintiff the overtime bonus for some of his overtime hours worked was willful, and lacked a good faith basis.

40. Throughout his employment, Plaintiff worked six or seven shifts per week that exceeded ten hours from start to finish, yet Defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day he worked shifts lasting more than ten hours, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

41. Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, Plaintiff's regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

42. Upon information and belief, throughout the period of Plaintiff's employment, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiff (the Collective Action Members) in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

43. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of wages and overtime.

44. Upon information and belief, these other individuals have not been paid at the proper statutory rates under the FLSA and the New York Labor Law.

45. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times the regular hourly rate in violation of the FLSA and the New York Labor Law.

46. Upon information and belief, these other individuals were not provided with required annual or accurate weekly wage notices as specified in New York Labor Law §§ 195(1), 195(3), and the Wage Theft Prevention Act.

47. Upon information and belief, while Defendants employed Plaintiff and the Collective Action members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA or New York Labor Law.

### COUNT I: Fair Labor Standards Act – Minimum Wage

48. Plaintiff, on behalf of himself and all Collective Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, Defendants employed Plaintiff and the Collective Members within the meaning of the FLSA.

50. Defendants failed to pay a salary greater than the minimum wage to Plaintiff and the Collective Members for all hours worked.

51. As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 206.

53. Due to Defendants' FLSA violations, Plaintiff and the Collective Members are entitled to recover from Defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II: Fair Labor Standards Act - Overtime

54. Plaintiff, on behalf of himself and all Collective Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, Defendants employed Plaintiff and the Collective Members within the meaning of the FLSA.

56. Defendants had a policy and practice of refusing to pay overtime compensation to their employees for some of the hours they worked in excess of forty hours per workweek.

57. As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members at a rate at least one-and-one-half times the regular rate of pay for some of their work performed in excess of forty hours per workweek, Defendants have

violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

59. Due to Defendants' FLSA violations, Plaintiff and the Collective Members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT III: New York Labor Law – Minimum Wage

60. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated Plaintiff's rights by failing to pay his compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

63. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest,

reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT IV: New York Labor Law - Overtime

65. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for some of the hours worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

68. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

69. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT V: New York Labor Law – Spread of Hours

70. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

71. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting longer than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

73. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

74. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI: New York Labor Law – Wage Theft Prevention Act

75. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

76. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

77. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

78. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements that conformed to the specific requirements of the Wage Theft Prevention Act at any time during his employment.

79. Due to Defendants' New York Labor Law violations relating to the failure to provide accurate weekly wage statements, Plaintiff is entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

80. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h. Liquidated damages for Defendants' New York Labor Law violations;

i. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and post judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York
February 14, 2017

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff and Proposed FLSA Collective*

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Graham Shoe Corp. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Graham Shoe Corp. mi y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Jose Manuel Rodriguez Martinez

Date: February 3, 2017